REID, Judge.
This is a suit brought by Henry Bryce Ward Jr., against Vernon C. Parker, Ike *109 Dunbar, Price LeBlanc and Newark Insurance Company for personal injuries suffered by plaintiff as a result of an automobile accident between a pickup truck driven by plaintiff and a pickup truck driven by Vernon C. Parker, an employee of Ike Dunbar, and allegedly owned by Price LeBlanc, who had a blanket insurance policy with Newark Insurance Company.
The accident happened on June 8, 1959 at about 7:35 A.M. in the City of Baton Rouge in the seventeen hundred block of Scenic Highway. Defendants LeBlanc and Newark Insurance Company filed an answer denying liability and afeo denying the remaining allegations of plaintiff’s petition, •except the residence. The defendants, Vernon C. Parker and Ike Dunbar did not file an answer.
The case was tried and judgment was rendered in favor of plaintiff and against the defendants, Price LeBlanc and Newark Insurance Company in the amount of $6000.-00. From this judgment these two defendants appealed suspensively and devolutively.
The plaintiff answered the appeal and asked that the judgment of the District Court be affirmed as rendered, and in the alternative the judgment be increased to $63,981.00.
The negligence of the defendant, Vernon C. Parker, in driving the pickup truck in a reckless and careless manner is not contested. The issues to be resolved are (1) the ownership of the truck operated by said Vernon C. Parker and (2) the coverage by the insurance policy of Newark Insurance Company.
The facts show Ike Dunbar proceeded to the St. Gabriel Motor Company, owned and operated by Price LeBlanc and made arrangements with Mr. LeBlanc to purchase a used pickup truck. Dunbar picked out the truck which was involved in this accident and they agreed on a price of either $950.00 •or $975.00. Dunbar stated he did not have any money but he could finance it through the Baton Rouge Security Company. Mr. LeBlanc then called Mr. William Bynum at the Security Company and was informed the Company would lend Dunbar $750.00 for the purchase of the truck.
Dunbar did not have the balance in cash, but Mr. LeBlanc let him take the truck with the understanding Dunbar would obtain the loan from the Security Company and would pay the balance in cash. Approximately four or five weeks had passed without Dunbar returning the truck, or paying the money when the truck was involved in this accident.
After the accident Dunbar called LeBlanc and informed him of it, and LeBlanc told him to bring the $950.00 to him.
The truck was stored at Johnny Rogers’ Service Station and finally removed by LeBlanc. LeBlanc testified he reported the accident to his collision insurer, but took no further steps to file a claim, or, try to collect any insurance on the truck. We believe Mr. LeBlanc’s testimony because it was testimony adverse to his interest. If his testimony was to the effect the transaction was not a sale, and the truck still belonged to him, then his insurance company would be liable for damages in this case.
A sale is perfected as soon as there exists an agreement for the object and for the price thereof. Article 2456 of the LSA-Revised Civil Code of Louisiana reads as follows:
“The sale is considered to be perfect between the parties, and the property is of right acquired by the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.”
While there is some difference between Dunbar and LeBlanc as to' the price, Dunbar stating the price to be $975.00 and LeBlanc stating it was $950.00, we believe the provisions of Article 1807 of the LSA-Revised Civil Code would apply be *110 cause the seller agreed the price was the smaller of the two figures. Dunbar is shown to be an elderly, ignorant Negro and though he reiterated he had the agreement with Mr. LeBlanc to buy the truck, and was satisfied with same and unquestionably had possession of the truck and was using it in his business, he contended the truck did not belong to him because he had not signed any papers or paid the cash consideration:
In our opinion the case of Westbrook v. Blakewell, 126 So.2d 44, is controlling. In the cited case, Payne Motor Company, Inc., sold a. car to Frank Owens. Owens had purchased the car for $1050.00 to be paid o,n the following Monday. Mr. Owens was an automobile dealer himself and had a prospect to sell it. He let Blake-well take the car to try out, who while he was driving it had a wreck. The plaintiff injured in the wreck sued Payne Motor Company, and its insurer, and Frank Owens and his insurer, and C. L. Blakewell Jr. This Court held there was a sale and the buyer-dealer Owens was the owner of the truck although at the time of the collision no title certificate had been issued to Owens. We affirmed the judgment of the Lower Court, casting Owens, the buyer-dealer and his insurance company for the damages owing to the plaintiff.
While there is some testimony in the record to the effect LeBlanc referred to the truck as “his truck” in a statement which he gave to his insurance company that one of his salesmen had told Dunbar to bring “his” truck back to Mr. LeBlanc we do not feel that this is sufficient to show retention of title in LeBlanc. The Judge of the Lower Court considered that LeBlanc had acknowledged the truck still belonged to him by notifying his insurance company of the collision and picking up the truck from Johnny Rogers’ Service Station and bringing it to his place. We put a different interpretation on these facts. Dealers frequently refer to trucks or cars, particularly . second-hand ones, as theirs meaning that the vehicle has not been fully paid for. Likewise, purchasers of cars or trucks refer to them as owned by the seller, or the finance company, meaning they had not paid for the vehicle and did not consider it theirs until it had been paid for.
We feel that the facts in this case definitely show a sale and the decision of the Lower Court was erroneous. It is, therefore, ordered that the judgment of the Lower Court be reversed and judgment rendered in favor of the defendants, Price LeBlanc and Newark Insurance Company, rej ecting plaintiff’s demands insofar as they are concerned and dismissing this suit versus LeBlanc and Newark Insurance Company, at plaintiff’s costs.
Reversed and rendered.